UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-61776-CIV-WILLIAMS

MATTHEW LAWSON,

    Plaintiff,

v.

TOWN OF DAVIE, and STEVEN RICKER, PAUL
VARDAKIS, and CURTIS SCHOCK,
 individuals,

    Defendants.
_____/

## AMENDED COMPLAINT

PLAINTIFF MATTHEW LAWSON, by and through his undersigned counsel, files this Complaint and sues the TOWN OF DAVIE (hereinafter "DAVIE"), and STEVEN RICKER (hereinafter "RICKER"), PAUL VARDAKIS (hereinafter "VARDAKIS"), and CURTIS SCHOCK (hereinafter "SCHOCK"), individuals, and states:

1) This is an action for damages arising out of violations of federal law and state torts detailed below in an amount greater than $15,000.00.

2) This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343 and 1367, 42 U.S.C. § 1988 and the constitutional provision mentioned above.

3) The acts and practices constituting the violations alleged below have occurred within the jurisdiction of the United States District Court, in and for the Southern District of Florida. In connection with the acts, practices and violations alleged below, DEFENDANTS RICKER,

1

VARDAKIS, and SCHOCK have either directly or indirectly violated PLAINTIFF MATTHEW LAWSON's constitutional rights.

4) At all times material hereto, DEFENDANT DAVIE was a Florida municipal corporation, with principal office and place of business in Davie, Broward County, Florida, and was *sui juris*.

5) At all times material hereto, DEFENDANTS RICKER, VARDAKIS, and SCHOCK were employees, law enforcement officers and agents of DEFENDANT DAVIE, were acting under the authority of the State of Florida and under color of law as police officers in the employ of DEFENDANT DAVIE, were over 18 years of age and were *sui juris*.

6) At all times material hereto, PLAINTIFF MATTHEW KEITH LAWSON was over 18 years of age and was *sui juris*.

7) All conditions precedent to the filing of this lawsuit have been fulfilled pursuant to Florida Statutes §768.28(6)(a) - (d).

8) PLAINTIFF LAWSON presented his claims in writing to DEFENDANT DAVIE by means of a letter of demand for damages on or about November 26, 2010, within three (3) years of the accrual of cause of action.

9) DEFENDANT DAVIE never made final disposition of PLAINTIFF LAWSON's written claims within six (6) months of their presentation.

## FACTUAL ALLEGATIONS

10)     On or about May 10, 2009, PLAINTIFF MATTHEW LAWSON was detained and then arrested and charged by DEFENDANTS DAVIE, RICKER, VARDAKIS, and SCHOCK with Battery on a Law Enforcement Officer, in violation of Section 784.07, Florida Statutes, Obstructing a Law Enforcement Officer with Violence, in violation of Section 843.01, Florida Statutes, and Obstructing a Law Enforcement Officer without Violence, in violation of Section 843.02, Florida Statutes, by all of the DEFENDANTS. Battery on a Law Enforcement Officer and Obstructing a Law Enforcement Officer with Violence are third degree felonies, each punishable by up to five (5) years in prison. Obstructing a Law Enforcement Officer without Violence is a first degree misdemeanor punishable by up to one year in jail.

11)     Subsequently, the State Attorney never filed any formal charges against Plaintiff and dismissed the case.

12)     No probable cause existed for the detention or arrest of PLAINTIFF MATTHEW LAWSON for any offense. No reasonable suspicion, no founded suspicion, and no well-founded articulable suspicion of criminal activity existed for the stop and detention of PLAINTIFF MATTHEW LAWSON by DEFENDANTS DAVIE, RICKER, VARDAKIS, and SCHOCK.

13)     On or about May 10, 2009, PLAINTIFF MATTHEW LAWSON was walking in the Town of Davie where he was encountered by DEFENDANTS RICKER, VARDAKIS, and SCHOCK.

14)     Without any legal justification, cause or basis, DEFENDANTS RICKER, VARDAKIS, and SCHOCK tried to detain PLAINTIFF.

15) During the efforts to detain PLAINTIFF, DEFENDANTS RICKER, VARDAKIS, and SCHOCK, without legal justification, engaged in, but not limited to, the following actions:

    a) Punched, kicked, beat and struck PLAINTIFF countless times including on his head, face, torso, and extremities;

    b) Forced PLAINTIFF to place his hands onto the scalding hood of a car that had been running and was extremely hot;

    c) Deployed a K-9 on several occasions which viciously attacked, bit, and mauled PLAINTIFF multiple times causing severe injuries to PLAINTIFF including to his head, face, torso, and extremities;

    d) Utilized a TASER on PLAINTIFF without legal justification;

    e) Handcuffed PLAINTIFF and charged him with the said offenses; and

    f) Caused PLAINTIFF to be incarcerated at the Broward County Jail.

15.1) In regard to the actions described above, the following particular actions were taken:

    a) DEFENDANTS RICKER, VARDAKIS, and SCHOCK caused a detention of PLAINTIFF MATTHEW LAWSON by directing PLAINTIFF MATTHEW LAWSON to stop without any legal justification including no reasonable suspicion or probable cause of criminal activity by PLAINTIFF MATTHEW LAWSON;

    b) DEFENDANT SCHOCK placed his hands on PLAINTIFF MATTHEW LAWSON and forced PLAINTIFF to place his hands onto the scalding hood of a car that had been running and was extremely hot;

  c)  DEFENDANTS RICKER, VARDAKIS, and SCHOCK punched, kicked, beat and struck PLAINTIFF countless times including on his head, face, torso, and extremities;

  d)  DEFENDANT RICKER deployed a K-9 on several occasions which viciously attacked, bit, and mauled PLAINTIFF multiple times causing severe injuries to PLAINTIFF including to his head, face, torso, and extremities;

  e)  While DEFENDANT RICKER did the actions described in ¶ 15.1(d), DEFENDANTS SCHOCK and VARDAKIS, stood by and observed the actions of DEFENDANT RICKER, encouraged DEFENDANT RICKER and the K-9 to do those actions, did nothing to cause or try to cause DEFENDANT RICKER to cease his actions, and did nothing to cause or try to cause the K-9 to cease its actions;

  f)  DEFENDANT SCHOCK utilized a TASER on PLAINTIFF without legal justification; and

  g)  DEFENDANTS RICKER, VARDAKIS, and SCHOCK each wrote reports which were untrue and, among other things, stated that PLAINTIFF MATTHEW LAWSON had attacked DEFENDANT SCHOCK, that the use of the K-9 was justified, that PLAINTIFF struck the K-9 multiple times, that PLAINTIFF fled the location, that the use of the Taser on the PLAINTIFF was justified, and that the arrest of PLAINTIFF for the charges stated in ¶ 10 was justified.

16) PLAINTIFF MATTHEW LAWSON was required to retain counsel to defend him against the charges and to pay his counsel a fee.

17) At no time did PLAINTIFF MATTHEW LAWSON take any action that caused or would cause DEFENDANTS DAVIE, RICKER, VARDAKIS, and SCHOCK to believe that he was resisting arrest or committing any crime which required the use of any force against him.

## COUNT 1 - FALSE ARREST - DEFENDANT DAVIE

18) The averments of paragraphs 1 - 17 are repeated herein.

19) At all times, DEFENDANTS DAVIE, RICKER, VARDAKIS, and SCHOCK knew or should have known that the charges made against PLAINTIFF MATTHEW LAWSON were false and that no probable cause existed for the charges.

20) As a direct and proximate result of the false arrest and false imprisonment of PLAINTIFF MATTHEW LAWSON, he has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering and damaged reputation.

21) As a further direct and proximate result of his false arrest and false imprisonment, PLAINTIFF MATTHEW LAWSON has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition and suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, humiliation personally, damage to reputation, and loss of his freedom and civil rights.

WHEREFORE, PLAINTIFF MATTHEW LAWSON prays:

a) Judgment for compensatory damages against DEFENDANT DAVIE;

b) Costs of suit;

c) Trial by jury as to all issues so triable;

d) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2 - 42 USC § 1983 VIOLATION OF CIVIL RIGHTS - FALSE ARREST DEFENDANTS RICKER, VARDAKIS, and SCHOCK

22) The averments of paragraphs 1-17 are repeated herein.

23) This cause of action is brought by PLAINTIFF MATTHEW LAWSON against DEFENDANTS RICKER, VARDAKIS, and SCHOCK for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

24) While DEFENDANTS RICKER, VARDAKIS, and SCHOCK were acting under the authority of the State of Florida and under color of law as police officers in the employ of DEFENDANT DAVIE, they subjected PLAINTIFF MATTHEW LAWSON to the deprivation of the rights and privileges secured to him by the Constitution of the United States including the constitutional right not to be deprived of liberty and to be free from unlawful arrest under the United States Constitution, including the Fourth Amendment, within the meaning of 42 U.S.C. § 1983.

25) With regard to the violations of the constitutional rights of PLAINTIFF MATTHEW LAWSON as alleged in this count, the actions of DEFENDANTS RICKER, VARDAKIS, and SCHOCK were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress MATTHEW LAWSON and were done with a reckless or callous indifference to MATTHEW LAWSON's federally protected rights.

26) As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANTS RICKER, VARDAKIS, and SCHOCK, resulting in the false arrest of PLAINTIFF MATTHEW LAWSON, he suffered grievously, was brought into public scandal with great humiliation, endured suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

27) As a further direct and proximate result of the false arrest of PLAINTIFF MATTHEW LAWSON, he has further suffered mental anguish, loss of income, attorney expenses, costs of bond and defense, loss of capacity for the enjoyment of life, humiliation personally, damage to reputation, and loss of his freedom and civil rights.

WHEREFORE, PLAINTIFF MATTHEW LAWSON prays:

a) Judgment against DEFENDANTS RICKER, VARDAKIS, and SCHOCK for compensatory and punitive damages;

b) Costs of suit;

c) Reasonable attorney's fees;

d) Trial by jury as to all issues so triable; and

e) Such other relief as its Honorable Court may deem just and appropriate.

### COUNT 3 - 42 U.S.C. § 1983 VIOLATION OF FOURTH AMENDMENT EXCESSIVE FORCE - DEFENDANTS RICKER, VARDAKIS, and SCHOCK

28) The averments of paragraphs 1-17 are repeated herein.

29) This cause of action is brought by PLAINTIFF LAWSON against DEFENDANTS RICKER, VARDAKIS, and SCHOCK for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

30) While DEFENDANTS RICKER, VARDAKIS, and SCHOCK were acting under the authority of the State of Florida and under color of law as police officers in the employ of DAVIE, they subjected PLAINTIFF LAWSON to the deprivation of the rights and privileges secured to him by the Constitution of the United States to be secure in his person against the use of excessive force under the Fourth Amendment within the meaning of 42 U.S.C. § 1983.

31) With regard to the violations of the constitutional rights of LAWSON as alleged in this count, the actions of DEFENDANTS RICKER, VARDAKIS, and SCHOCK were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress LAWSON and were done with a reckless or callous indifference to LAWSON's federally protected rights entitling PLAINTIFF to an award of punitive damages against DEFENDANTS RICKER, VARDAKIS, and SCHOCK in each of their individual capacities.

32) As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANTS RICKER, VARDAKIS, and SCHOCK, PLAINTIFF LAWSON suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, expenses of traveling to court, humiliation personally, and loss of his freedom and civil rights. He suffered grievously, was brought into public scandal with great humiliation, suffered loss of income, attorney fees, and costs of bond and defense, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

WHEREFORE, PLAINTIFF LAWSON prays:

a) Judgment against DEFENDANTS RICKER, VARDAKIS, and SCHOCK for compensatory and punitive damages;

b) Costs of suit;

c) Reasonable attorney's fees;

d) Trial by jury as to all issues so triable; and

e) Such other relief as its Honorable Court may deem just and appropriate.

### COUNT 4 - CONSPIRACY TO COMMIT VIOLATION OF 42 U.S.C. § 1983 VIOLATION OF FOURTH AMENDMENT - EXCESSIVE FORCE DEFENDANTS RICKER, VARDAKIS, and SCHOCK

33)     The averments of paragraphs 1-17 are repeated herein.

34)     This cause of action is brought by PLAINTIFF MATTHEW LAWSON against DEFENDANTS RICKER, VARDAKIS, and SCHOCK for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

35)     While DEFENDANTS RICKER, VARDAKIS, and SCHOCK were acting under the authority of the State of Florida and under color of law as police officers in the employ of DEFENDANT DAVIE, they conspired among themselves, and not with DEFENDANT DAVIE, to subject PLAINTIFF MATTHEW LAWSON to the deprivation of the rights and privileges secured to him by the Constitution of the United States including the constitutional right to be secure in his person against the use of excessive force under the Fourth Amendments within the meaning of 42 U.S.C. § 1983.

36)     On or about May 10, 2009, DEFENDANTS RICKER, VARDARKIS, and SCHOCK engaged in discussions by word and act to use excessive force on PLAINTIFF during their encounter with him on that occasion.

37)     As result of those discussions including the actions they undertook, DEFENDANTS RICKER, VARDARKIS, and SCHOCK had a meeting of the minds, in that they agreed to, or conspired to, utilize excessive force on PLAINTIFF during their encounter with him on that occasion.

38) A purpose of the said conspiracy agreement was to deprive PLAINTIFF of his right to be free from excessive force pursuant to the Fourth Amendment to the Constitution of the United States.

39) With regard to the violations of the constitutional rights of PLAINTIFF MATTHEW LAWSON as alleged in this count, the actions of DEFENDANTS RICKER, VARDAKIS, and SCHOCK were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress MATTHEW LAWSON and were done with a reckless or callous indifference to MATTHEW LAWSON's federally protected rights.

40) As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANTS RICKER, VARDAKIS, and SCHOCK, resulting in the false arrest of PLAINTIFF MATTHEW LAWSON, he suffered grievously, was brought into public scandal with great humiliation, endured suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

41) As a further direct and proximate result of the false arrest of PLAINTIFF MATTHEW LAWSON, he has further suffered mental anguish, loss of income, attorney expenses, costs of bond and defense, loss of capacity for the enjoyment of life, humiliation personally, damage to reputation, and loss of his freedom and civil rights.

WHEREFORE, PLAINTIFF MATTHEW LAWSON prays:

a) Judgment against DEFENDANTS RICKER, VARDAKIS, and SCHOCK for compensatory and punitive damages;

b) Costs of suit;

c) Reasonable attorney's fees;

    d)    Trial by jury as to all issues so triable; and

    e)    Such other relief as its Honorable Court may deem just and appropriate.

### COUNT 5 - 42 U.S.C. § 1983 CONSPIRACY TO COMMIT VIOLATION OF FOURTH AMENDMENT - ILLEGAL ARREST - DEFENDANTS RICKER, VARDAKIS, and SCHOCK

42)    The averments of paragraphs 1-17 are repeated herein.

43)    This cause of action is brought by PLAINTIFF MATTHEW LAWSON against DEFENDANTS RICKER, VARDAKIS, and SCHOCK for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

44)    While DEFENDANTS RICKER, VARDAKIS, and SCHOCK were acting under the authority of the State of Florida and under color of law as police officers in the employ of DEFENDANT DAVIE, they subjected PLAINTIFF MATTHEW LAWSON to the deprivation of the rights and privileges secured to him by the Constitution of the United States including the constitutional right not to be deprived of liberty and to be free from unlawful arrest under the United States Constitution, including the Fourth Amendment, within the meaning of 42 U.S.C. § 1983.

45)    On or about May 10, 2009, DEFENDANTS RICKER, VARDARKIS, and SCHOCK engaged in discussions regarding the arrest of PLAINTIFF without probable cause for the offenses of Battery on a Law Enforcement Officer, in violation of Section 784.07, Florida Statutes, Obstructing a Law Enforcement Officer with Violence, in violation of Section 843.01, Florida Statutes, and Obstructing a Law Enforcement Officer without Violence, in violation of Section 843.02, Florida Statutes.

46) As DEFENDANTS RICKER, VARDARKIS, and SCHOCK concluded the above mentioned conspiratorial discussion, they had a meeting of the minds, in that they agreed to, or conspired to arrest PLAINTIFF without probable cause for the said offenses.

47) A purpose of the said conspiracy agreement was to deprive PLAINTIFF of his right to be free from unlawful detention pursuant to the Fourth Amendment to the Constitution of the United States. At no time was the DEFENDANT DAVIE a party to any conspiratorial action of DEFENDANTS RICKER, VARDARKIS, and SCHOCK.

48) An additional purpose of the conspiracy agreement was to cover-up for the illegal force used on PLAINTIFF by DEFENDANTS RICKER, VARDARKIS, and SCHOCK .

49) As a result of DEFENDANTS RICKER, VARDARKIS, and SCHOCK's concerted conspiracy, Plaintiff was deprived of his right to be free from unlawful detention pursuant to the Fourth Amendment to the Constitution of the United States.

50) With regard to the violations of the constitutional rights of PLAINTIFF MATTHEW LAWSON as alleged in this count, the actions of DEFENDANTS RICKER, VARDAKIS, and SCHOCK were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress MATTHEW LAWSON and were done with a reckless or callous indifference to MATTHEW LAWSON's federally protected rights.

51) As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANTS RICKER, VARDAKIS, and SCHOCK, resulting in the false arrest of PLAINTIFF MATTHEW LAWSON, he suffered grievously, was brought into public scandal with great humiliation, endured suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

52) As a further direct and proximate result of the false arrest of PLAINTIFF MATTHEW LAWSON, he has further suffered mental anguish, loss of income, attorney expenses, costs of bond and defense, loss of capacity for the enjoyment of life, humiliation personally, damage to reputation, and loss of his freedom and civil rights.

53) As a further direct and proximate result of the said conspiracy of DEFENDANTS RICKER, VARDARKIS, and SCHOCK, PLAINTIFF has been brought into public scandal with great humiliation, and have endured and suffered emotional distress, mental anguish and loss of capacity for the enjoyment of life.

WHEREFORE, PLAINTIFF MATTHEW LAWSON prays:

a) Judgment against DEFENDANTS RICKER, VARDAKIS, and SCHOCK for compensatory and punitive damages;

b) Costs of suit;

c) Reasonable attorney's fees;

d) Trial by jury as to all issues so triable; and

e) Such other relief as its Honorable Court may deem just and appropriate.

> GARY KOLLIN, P.A.
> Counsel for PLAINTIFF
> 1844 N. Nob Hill Road, Suite 140
> Ft. Lauderdale, FL 33322
> Telephone:     (954) 723-9999
> Fax:           (954) 791-6565
> garykollin@garykollinlaw.com
>
> By: /s/ Gary Kollin
> GARY KOLLIN, ESQ.
> Florida Bar No. 282431

CERTIFICATE OF SERVICE

I HEREBY certify that THIS DOCUMENT WAS FILED ON CM/ECF on October 25, 2011.


_____s/ Gary Kollin____
Gary Kollin